Milligan, J.,
delivered the opinion of the court:
This action was brought to recover the net proceeds of the sale of 14 bales of upland cotton and 117 barrels of turpentine, which, it is alleged, were seized in the city of Charleston, South Carolina, and sold, and the proceeds paid into the Treasury of the United States.
The facts found by the court are as follows:
1. The claimant is a natural born citizen of the kingdom of Hanover, and many years ago emigrated to this.country, where he was regularly naturalized on the 28th of October, 1853.
2. His loyalty to the United States during the late rebellion is substantially admitted and most satisfactorily proven.
3. His title to 14 bales of upland cotton is also established, a portion of which was purchased in his own name, and the remainder in right of a lady whom he afterward married, and thereby became vested with the title.
*699 4. There is no dispute as to his ownership of 117 barrels of turpentine, which, with the cotton mentioned in fact third, was seized by the United States military forces in Charleston, South Carolina, shipped with other turpentine to New York, and there the whole sold, and the proceeds paid into the Treasury.
On these facts the claimant is entitled to judgment. Only one difficulty is presented, and that is, as to the amount of his recovery..
Under the statutes regulating the jurisdiction of this court in cases of abandoned and captured property, the claimant, when he has established his right to recover, is entitled to have judgment for the net proceeds of the sale of his property paid into the Treasury. But the circumstances which surround this case render it difficult to determine with precision the exact net amount of the sales of the turpentine which were received by government. There is no difficulty in reference to. the cotton, but it is otherwise in respect to the turpentine. The return of the Treasury Department shows that there were only 125 barrels of turpentine received from Charleston, which were sold in New York for the net sum of $4,746 49; while the records of this court show that 218 barrels are claimed as coming from the same point. Already we have given judgment for the proceeds of the sales of Charleston turpentine to one Phillip Hayes for 36 barrels, and which leaves 89 barrels out of which the other claimants are entitled to be paid, in the event they succeed in establishing their right to recover.
• The case of George Dawe — claim for 10 barrels — has been dismissed, which, after deducting Hayes’s recovery, 36 barrels, and Dawe’s claim, dismissed, 10 barrels, leaves 172 barrels claimed, against 89 barrels still in the Treasury.
How this discrepancy is accounted for is not disclosed in the record. It may arise from false claims, in cases not yet determined, or from the irregular and loose manner in which the original accounts of the captured and abandoned property were kept; or from the well-known fact that turpentine is, of all articles of commerce, most subject to waste by evaporation and leakage. But, from whatever cause it arises, we do not feel at liberty to disregard the fact.
The proceeds of the turpentine in the Treasury is a common fund, held for the use and benefit of the several owners, whose claims have been duly preferred in this court. It may turn out on *700 final hearing of the causes now pending and undetermined, that some of the claimants will be found to have an equal right with the present claimant to recover, while others may partially or altogether fail to show themselves entitled to the fund. If all prove themselves equally entitled to the several amounts claimed by each, it is clear all cannot be fully paid. In that event, their equities being equal, they ought to be paid proportionally,-and so also if some fail in whole or in part, while others succeed.
Under such circumstances, it is obvious no judgment could be rendered which would be just to all the parties, unless all the cases in which the proceeds of turpentine coming from Charleston were consolidated and heard together.
This difficulty has been presented to the claimants in this case, and rather than suffer the delay necessarily resulting from this . peculiar state of facts, and the hearing of all the causes together, they have filed the following consent to the judgment to be rendered in this case, viz:
“Comes now the claimant, by his solicitors, and here stipulates to take his pro rata share of the turpentine reported by the Treasury Department, in lieu of the amount claimed by him in his petition.
Under this stipulation, and by consent of parties, the judgment in this case as to the turpentine claimed will be entered for a pro rata share of the proceeds of 89 barrels of turpentine still remaining in the Treasury, which we find to be 60 barrels and 10 gallons, and worth the sum of.$2,425 40 Proceeds of 14 bales of upland cotton. 1,885 80
Total. 4,21120
For this sum ($4,211 20) judgment will be entered in full discharge of the claimant’s demands.