Hunt, J.,
delivered the opinion of the court:
John Murphy and Patrick O’Neil were partners in trade in Charleston, S. 0. During the war they became possessed of 14 bales of cotton, which they had acquired from time to time in small lots. They also owned 30 barrels of turpentine, which they had purchased in October, 1863. The cotton and turpentine were sent for safe-keeping out of Charleston, to a farm in the neighborhood, known as Kennedy’s farm, and remained there concealed. Upon the capture of the city they were discovered and taken into possession by the authorities of the United States, and shipped to New York, and there sold by the Treasury agents. The net proceeds of this sale were $2,801.86, according to the average heretofore fixed by the court in relation to the shipment of Charleston cotton and turpentine, in which the property of these claimants was included. (Geilfuss v. The United States, 5 C. Cls. R., 699.)
This suit is prosecuted by the administrators of the estate of Murphy & O’Neil, both members of the firm being now dead, for the recovery of these proceeds. Their right of action rests upon the statutes relative to captured and abandoned property.
The government resists their demand upon several grounds, which it is proper to consider..
It is urged that there is not satisfactory proof of ownership of the property claimed by the petitioners. This objection is met by the findings of fact. The claimants were in the unchallenged possession of the property. They controlled it, and stored *539 it for safe-keeping in tbe place where it was found. No adversary title to it is advanced by any other person. Under such circumstances they must be deemed to have been the owners of it.
It is next contended that it is not satisfactorily shown that the original claimants n ever gave aid or comfort to the rebellion; and it is said that this is a material issue, because Patrick O’Neil died before general amnesty, and no special pardon to or resumption of allegiance by him is shown.
Without stopping to inquire into the 'effect of the amnesty here alluded to, it is an answer to this objection of the defendants to say that by the findings of the court it is shown that the original claimants took no part in the rebellion and gave it no - aid or comfort.
.It is therefore ordered, adjudged, and decreed that the claimants have and recover judgment, for the .benefit of the estates of John Murphy and Patrick O’Neil, in. the sum of $2,501.8G.
Drake, Oh. J., was absent when this cáse was heard, and took no part in the decision. - •